IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>HOFFMAN-LaROCHE, INC., et al.,<br><br>    Defendants. | Case No. 13-5051 JSC<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION TO REMAND AND ORDER OF REASSIGNMENT TO A DISTRICT COURT JUDGE (Dkt. No. 8 )** |

Plaintiff filed this medical negligence and strict product liability action against Barton Memorial Hospital and Hoffman-LaRoche, Inc. ("Hoffman"), in San Mateo Superior Court on October 24, 2013. Before Plaintiff served either defendant, Hoffman-LaRoche removed the lawsuit to this Court on the basis of diversity jurisdiction. Now pending before the Court is Plaintiff's motion to remand. (Dkt. No. 8.) As Plaintiff has not consented to the jurisdiction of the undersigned magistrate judge, this action must be reassigned to a district court judge. Further, after carefully considering the parties' submissions, the Court concludes that oral argument on the motion to remand is unnecessary, *see* L.R. 7-1(b), and recommends that the motion to remand be DENIED. Defendant Hoffman properly removed this action on diversity jurisdiction grounds and any non-jurisdictional objection has been waived.

**BACKGROUND**

Plaintiff Norman Davis filed this medical negligence and strict product liability action against Barton Memorial Hospital and Hoffman-LaRoche, Inc. in San Mateo Superior Court on October 24, 2013. (Dkt. No. 11.) Five days later, and before Plaintiff had served either defendant, Hoffman-LaRoche, Inc. removed the action to this Court on the basis of diversity jurisdiction. (Dkt. No. 1 at 2-3.) Hoffman alleges that the parties are diverse because it is a Delaware corporation with its principal place of business in New Jersey, Barton is a citizen of California, and the Complaint alleges that Plaintiff Davis resides in Nevada. It further contends that the amount in controversy is satisfied because Plaintiff's injuries include that he developed septic shock and necrotizing fasciitis resulting in bilateral lower extremity amputations.

Plaintiff subsequently moved to remand. Plaintiff does not contend that removal was procedurally improper or that this Court lacks subject matter jurisdiction. Instead, he represents that he has offered to dismiss Hoffman from the lawsuit without prejudice if it would agree to a remand. He also asserts that Barton Memorial Hospital has now been served, although there is no proof of service on the docket.

**DISCUSSION**

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, there is no dispute that the parties are diverse and that the amount in controversy is easily satisfied; Plaintiff's alleged injuries are serious and life-changing. Although not explained in Plaintiff's motion, Plaintiff appears to be relying upon the local defendant rule of 28 U.S.C. § 1441(b)(2). That rule provides that notwithstanding the existence of diversity jurisdiction, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." If Hoffman agrees to remand this action as requested by Plaintiff, Barton will be unable to remove the action to federal court despite the existence of diversity jurisdiction due to its status as a California citizen. 28 U.S.C. § 1441(b)(2).

1    An issue Plaintiff's motion did not raise is whether this rule applies even though at the
2  time of removal none of the parties had been served. As one court in this District has
3  observed, if it does not apply it "plainly allows defendants to elude state court jurisdiction by
4  filing a notice of removal before the plaintiff has had a chance to serve any forum defendant.
5  The statute does nothing to prevent sophisticated defendants from electronically monitoring
6  state court dockets so that, as soon as a case is filed, they can speedily remove to federal
7  court." *Regal Stone Ltd. v. Longs Drug Stores California L.L.C.*, 881 F.Supp.2d 1123, 1127-
8  28 (N.D. Cal. 2012). This appears to be what happened in this case.
9    The language of Section 1441(b)(2) is unequivocal: it applies only to defendants which
10 are "properly joined *and served.*" (emphasis added). Nonetheless, given concerns with
11 forum shopping, district courts across the country are split on whether to strictly apply the
12 "and served" language. *See Regal Stone Ltd.*, 881 F. Supp. 2d at 1127. The courts in this
13 District, however, are not. They have uniformly held that the language of Section 1441(b)(2)
14 is clear: the local-defendant rule applies only to those defendants which have been properly
15 *joined and served*. *See, e.g., Regal Stone Ltd.,* 881 F. Supp. 2d at 1127; *Carreon v. Alza
16 Corp.*, 2010 WL 539392 *2 (N.D. Cal. Feb. 9, 2010); *City of Ann Arbor Emps. Ret. Sys. v.
17 Gecht*, 2007 WL 760568 *8 (N.D. Cal. Mar. 9, 2007); *Waldon v. Novartis Pharm. Corp.*,
18 2007 WL 1747128 *2 (N.D. Cal. June 18, 2007); *Perez v. McNamee,* 2006 WL 3462791 at
19 *4 (N.D. Cal. Nov. 30, 2006); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629
20 (N.D. Cal. 1991). As the *Gecht* court noted:

> [I]f Congress had wanted to ensure that removal would not be appropriate until it was clear that Plaintiff was trying to prevent removal by speciously naming resident defendants, Congress could have provided that no removal petition could be filed until one or more nonresident defendant had been joined and served. The statute also could have been written to give a plaintiff, *e.g.*, 30 or 60 days to effect service before permitting a defendant to remove. In any event, Plaintiff has not cited anything in the legislative history of § 1441(b) to support its assertion that the plain language of the statute should be disregarded.

3

2007 WL 760568 at * 9.  This reasoning is even more apt now as in December 2011 Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63; 125 Stat. 758 (2011).  The Act addressed language of Section 1441, among other sections, but did not amend the "and served" language of Section 1441(b).  While there are good reasons for prohibiting the transparent forum manipulation engaged in by Hoffman here, Congress, not the courts, should amend the statute to do so.

There is a second independent reason remand should be denied.  The Section 1441(b)(2) local defendant rule "is a procedural, or non-jurisdictional, rule." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).  The rule is thus waivable and a district court may not sua sponte remand on that basis. *Id.* at 940.  Here, Plaintiff moved to remand, but not on the basis of a violation of Section 1441(b)(2).  As more than 30 days has elapsed since Hoffman's removal, it is too late for Plaintiff to object to removal on that basis. *See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) ("We hold that § 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed.  Accordingly, the district court had no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal.").

## CONCLUSION

Plaintiff concedes there is federal diversity jurisdiction.  The only argument Plaintiff makes in favor of remand is that it has offered to dismiss Hoffman from this action without prejudice if Hoffman agrees to a remand.  As the removal comports with the plain language of 28 U.S.C. § 1441, this Court recommends that Plaintiff's motion to remand be DENIED.

//
//
//
//
//

Any party may file objections to this report and recommendation with the district court judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72–3.  Failure to file objections within the specified time may waive the right to appeal the District Court's ultimate Order.

**IT IS SO ORDERED.**

Dated:  January 14, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE